J. M. SMITH *v.* J. C. HENSLEY'S ADMR.

**Appeal and Error—Defective Record— How Corrected.**
    Before submission of a cause on appeal, verified by the certificate
of the clerk, such corrections as are necessary may be made as prescribed
by the code, but after adjudication, it is too late to move its correction.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

June 10. 1869.

Opinion of the Court by Judge Williams:

The record shows that on February 19, 1866, "the plaintiff moved to file an amended petition herein. The court would not permit it to be filed."

And on 23rd February, or four days thereafter, "the defendant filed their bill of exceptions herein which was examined and approved, signed and sealed etc., incorporating *said rejected amended petition.*

March 3, 1866, "plaintiff filed *an amended petition herein of revivor.*"

August 13, 1867, "the defendant Smith *enters his appearance to the order of revivor.*"

There is no order found in all this record permitting the rejected amended petition afterwards to be filed.

This record comes verified to us by the certificate of the clerk, the custodian of the papers and records, it has been affirmed by the parties submitting it to us for adjudication; were it not true and did not contain all the history of the case the Civil Code points out efficient remedies for its correction before submission. But no suggestion of diminution or error was made by either party before submission; after adjudication it is too late to move its correction, and especially will the legal world appreciate why a court should stand by the record rather than the recollection and statements of counsel inconsistent therewith, on the bare assumption that the record rather than the counsel is in error. However much confidence the court might feel in the accuracy of his recollection or in the verity of his statements it is its plain legal duty to abide the record as the only security of the parties and justification of the court is therein to be found; with an abiding confidence that this record will sustain the court, with all possible due respect for the counsel the court is compelled to discharge its legal duty by overruling the petition.

*Hazelrigg & Winn,* for appellant.

*Turner,* for appellee.